## PETRILLO v. SOUTHEAST SERVICES, INC.
### Case No. 83-358 AP
Eleventh Judicial Circuit, Appellate Division, Dade County
June 27, 1984

### APPEARANCES OF COUNSEL

**Marie S. Hotaling** for appellant.

**Jeffrey A. Trinz** for appellee.

Before SHAPIRO, NADLER and SALMON, JJ.

### OPINION OF THE COURT

PER CURIAM.

Appellant, Frank J. Petrillo, seeks review of an Order entered by the trial court denying his Motion for Change of Venue.

Southeast Services, Inc., the Appellee, sued Petrillo in Dade County, Florida. The Complaint alleged Southeast Services was the agent for the assignor of Southeast Bank, N.A. Galt Ocean Mile Banking Center. Petrillo lives in Broward County.

Petrillo and Southeast Bank entered into an agreement for a Master Charge and Visa Account in Broward County, Florida.

Somewhere along the line Petrillo was advised to make payments to Southeast Services in Dade County. Petrillo complied. An action was brought by the Assignee against Petrillo after Petrillo allegedly defaulted. Petrillo filed a Motion to Dismiss alleging improper venue which motion was denied by the lower Court. This appeal ensued.

In *Brown v. Southeast Bank, N.A.*, Case No. 83-260-AP, (Fla. 11th Jud. Cir. 1984), a similar situation arose. Therein, the assignee filed an action against the alleged debtor in Dade County, Florida. The debtor resided in Seminole County with absolutely no ties to Dade County nor had she ever contemplated defending an action in Dade County. The debtor requested the Court by letter to dismiss the case asserting lack of venue in Dade County. The lower Court declined to do so and subsequently entered judgment against the debtor in favor of the assignee bank. The lower Court's action was reversed.

This Court does not believe the legislature intended Florida Statute Section 47.011 to allow a large state-wide organization the opportunity to prevail in litigation simply because it has the resources to assign its contracts to subsidiary or other related corporations in various parts of the State away from the locale of the original contract. This could lead to all agreements entered into in Dade County being assigned to a related outfit in Pensacola thereby allowing actions against all Dade County residents in Pensacola. Such a situation would certainly be against public policy and not in the interest of the citizens of the State. Absent some relationship other than that which exists herein, this Court would be reluctant to allow a large corporation to secure judgments against citizens of this State merely because the corporation has the ability to move about the State with ease.

Based upon the foregoing, the decision of the lower Court is hereby reversed and the matter remanded to the lower Court with instructions to grant Appellant's Motion for Change of Venue to Broward County, Florida.

It is so Ordered.

SALMON, J. dissents.

I respectfully dissent. In my view, the principle of *Brown v. Southeast Bank, N.A.*, cited in the majority opinion does not apply.

Section 47.011, Florida Statutes (1983) permits an action to be brought where the cause of action occurred. The cause of action in this

case occurred in Dade County, when payment was not paid at a designated place in Dade County, a place where payment had been made for a long period.

As the action may be brought in Dade County, the trial judge should be affirmed.